IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UCHECHI AMUNEKE-NZE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-cv-316-O-BP |
| § | |
| CONDUENT INCOPORATED, *et al.*, § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are *pro se* Plaintiff Uchechi Amuneke-Nze's Complaint (ECF No. 1) and her responses to the Court's questionnaire. ECF No. 23. Also pending are a Motion to Vacate, Second Motion for Issuance and First Motion for Service, Request for District Judge Ruling, Emergency Motion to Compel Service of Process, Request for Ruling, Emergency Motion to Return Plaintiff's Case to District Judge, Second Emergency Motion to Compel Service of Process, Objection to Unauthorized Modification of Text, and Objection to Magistrate Judge's July 10th, 2024 Order. ECF Nos. 16, 25, 26, 28, 30, 31, 32, 33, and 34, respectively. Plaintiff's case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 4. After considering the pleadings and applicable legal authorities, and as part of the 28 U.S.C. § 1915(e)(2) screening process, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor should **DISMISS** this case with prejudice, as the pleadings do not state a claim upon which relief can be granted and **DENY** all pending motions and objection listed above as **MOOT**.

I.     BACKGROUND

Amuneke-Nze filed a very short complaint on April 9, 2024. ECF No. 1. She proceeds *pro se* and *in forma pauperis*. ECF Nos. 1, 4. Aside from a discussion of jurisdiction, venue, and the parties involved, her entire complaint reads as follows:

> I, Uche, am suing my former employer, HCA Healthcare "HCA", and their plan administrator, Conduent Incorporated "BConnected," for deceptive actions that led to my loss of COBRA health coverage. HCA gave false contact info for COBRA on their website hcarewards.lifeatworkportal.com, while BConnected failed to send the required COBRA notice, causing me to lose my benefits. Additionally, HCA admits they owe me wages but hasn't paid. This lawsuit seeks to correct these wrongs, penalize the wrongdoers, and recover damages due.

ECF No. 1 at 1. Attached to her complaint, Amuneke-Nze also provides a one-page document entitled, "Employment Agreement" which appears to be a form demonstrating that Matthew Perry, a representative of an unnamed employer, attests that an unnamed claimant is owned $165.40 in wages. *Id*. at 5.

Because the complaint did not contain enough facts to explain Plaintiff's claims against Defendants, the Court ordered Amuneke-Nze to answer a questionnaire as part of the 28 U.S.C. § 1915(e)(2)(B) screening process. ECF No. 14. The Court intended the questionnaire to solicit more information from Amuneke-Nze to help it determine whether she had stated a claim upon which relief could be granted. The questionnaire requested: 1) additional facts explaining why the defendants were liable to her under the laws she stated, as well as for fraud and civil conspiracy; 2) further information about the relief sought; 3) whether she pursued administrative remedies before filing suit; 4) what "deceptive" actions the defendants took that led to her losing COBRA health coverage; 5) additional facts demonstrating that HCA owes her unpaid wages and admitted as such; 6) information about whether her health plan administrator provided her with notice of

her rights under COBRA when coverage began under her health plan; and 7) clarification about whether she is alleging that BConnected failed to send her a required notice in connection with a qualifying event. *Id*. at 2-8.

Amuneke-Nze responded to the questionnaire, but her response provided the Court with scant additional information or clarification. Her response largely insists that already stated a claim upon which relief may be granted in her complaint and that additional clarification will be provided later in the litigation, during the discovery phase. ECF No. 23. Further, on June 28, 2024, the undersigned issued Findings, Conclusions, and Recommendation ("the first FCR") recommending that United States District Judge Reed O'Connor dismiss the complaint unless Amuneke-Nze filed an amended complaint on or before July 15, 2024. ECF No. 27. The undersigned vacated the first FCR on July 10, 2024 after discovering that the original complaint on file was missing two pages. ECF No. 29. On that same day the Court ordered Amuneke-Nze to file an amended complaint that stated facts to state a claim upon which relief could be granted and to include the two pages missing from the original complaint. *Id*. In response the Court's Order, Amuneke-Nze did not file an amended complaint and instead objected to the Court's Order, maintaining that the missing pages were due to the "court's error." ECF No. 34 at 3. She also maintained that there was no need to amend her complaint since she already had stated a claim upon which relief could be granted. ECF No. 34.

## II.     LEGAL STANDARD

### A.     Section 1915 Screening

When a plaintiff is proceeding *in forma pauperis*, the Court is authorized to screen her case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. 28 U.S.C. §

1915(e)(2)(B); *see also Newsome v. E.E.O.C.,* 301 F.3d 227, 231-33 (5th Cir. 2002). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555, 570. Pursuant to this provision, the Court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A finding of factual frivolousness is appropriate when the claims describe "fantastic or delusional scenarios," or "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32-33.

### B.     Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A statute of limitations may support dismissal under Rule 12(b)(6) when it is evident from the plaintiff's pleadings that the

action is barred, and the pleadings fail to raise some basis for tolling or avoidance of the bar. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### C.  Pro Se Plaintiffs

A pro se plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A pro se complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers....'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). If the district court determines that a plaintiff has pleaded his or her best case, however, the court does not err in dismissing a pro se complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).

### III.  ANALYSIS

Amuneke-Nze's very short Complaint and largely unresponsive questionnaire response leave the Court only able to speculate as to what relief she is seeking and whether she is entitled to it. ECF Nos. 1, 24. Although the exhibit to the complaint shows that Matthew Perry's employer owes someone $165.40 in unpaid wages, Amuneke-Nze has not stated facts showing that Matthew Perry represents any of the defendants or that she is the person to whom this money is owed. ECF No. 1 at 5. It appears that she believes that she could make a better case after she conducts discovery, but she has a duty to state plausible facts showing a claim for relief under 28 U.S.C. § 1915. ECF No. 23 at 5. She needs to submit pleadings that state facts raising her right to relief above a speculative level for the Court to allow the case to proceed toward discovery. *Twombly*, 550 U.S. at 555. Because Amuneke-Nze objects to filing an amended complaint that states those facts, the Court concludes that she has pleaded her best case, and any further amendment would

be futile. Under these circumstances, the undersigned recommends that Judge O'Connor dismiss her case for failure to state a claim upon which relief can be granted.

## IV.  CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Because the case should be dismissed, the undersigned further recommends that Judge O'Connor **DENY** as **MOOT** Plaintiff's Motion to Vacate, Second Motion for Issuance and First Motion for Service, Request for District Judge Ruling, Emergency Motion to Compel Service of Process, Request for Ruling, Emergency Motion to Return Plaintiff's Case to District Judge, Second Emergency Motion to Compel Service of Process, Objection to Unauthorized Modification of Text, and Objection to Magistrate Judge's July 10th, 2024 Order. ECF Nos. 16, 25, 26, 28, 30, 31, 32, 33, and 34, respectively.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    **SIGNED** on September 16, 2024.

                                                                                    Hal R. Ray, Jr.
                                                                                    UNITED STATES MAGISTRATE JUDGE