IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UCHECHI AMUNEKE-NZE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-cv-316-O-BP |
| § | |
| CONDUENT INCOPORATED, *et al.*, § | |
| § | |
| Defendants. § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Findings, Conclusions, and Recommendation (the "FCR") of the United States Magistrate Judge (ECF No. 35) and Plaintiff's Objections (ECF No. 36). After reviewing all relevant matters of record in this case *de novo*, the Court determines that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court in accordance with 28 U.S.C. § 636(b)(1).

**I.    LEGAL STANDARD**

Federal Rule 72 provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge related to a dispositive motion. FED. R. CIV. P. 72(b)(2). An objection that does "nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection'" under Rule 72(b). *Cuza v. Day*, No. 22-1354, 2023 WL 3270064, at *1 (E.D. La. May 5, 2023) (citation omitted); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Frivolous, conclusive or general objections need not be considered by the district court."). An objection must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K & B Equipment Co., Inc.*, 724 F.2d 508, 511 (5th Cir. 1984).

A court may properly deny relief when objections are not specific enough to comply with Rule 72(b). *See Cuza*, 2023 WL 3270064 at *1–2 (dismissing the pro se's petition that did "not point out specifically where he believes [the magistrate judge] erred, whether it be in her fact-finding, legal analysis, or otherwise"); *Meggett v. Ayala-Meggett*, No. SA-15-CV-339-XR, 2015 WL 13216434, at *2 (W.D. Tex. Dec. 11, 2015) (finding court was not required to conduct a *de novo* review where pro se plaintiff did "not attempt to offer specific objections to the [m]emorandum and [r]ecommendation, but rather, simply rehashe[d] the factual allegations that [were] contained in his [a]mended [c]omplaint"). A "district judge must only determine de novo any part of the magistrate judge's disposition that has been properly objected to," otherwise a district court reviews the recommendation under a plain error standard. FED. R. CIV. P. 72(b)(3).

## II.   ANALYSIS

At the outset, Plaintiff does not satisfy the requirements of Rule 72(b). Although the FCR notified Plaintiff of her right to file objections pursuant to Rule 72,[1] her objections generally do not identify any *specific* finding or recommendation with which she takes issue.

Plaintiff's objections do not otherwise state a coherent basis or specify the place in the FCR where the disputed determination is found. Most importantly, Plaintiff does not specifically object to those findings that support the FCR's dismissal for failure to state a claim. Instead, Plaintiff raises irrelevant arguments or arguments wholly disconnected from the case.[2] The FCR correctly determined that Plaintiff had did not plead enough facts to state a plausible claim.[3] Moreover, for

---

[1] Findings, Conclusions, and Recommendation of the United States Magistrate Judge 6, ECF No. 35 ("Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections . . . [that] identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found.").

[2] *See, e.g.*, Pl.'s Objections 3, ECF No. 36 (alleging that "the statements regarding what issues or matters are before the district court, the statements are inconsistent with the docket of filing in my case.").

[3] Findings, Conclusions, and Recommendation of the United States Magistrate Judge 5–6, ECF No. 35

those objections untethered to a specific finding in the FCR, the Court is not required to conduct a *de novo* review. *Cuza*, 2023 WL 3270064, at *1–2; *Meggett*, 2015 WL 13216434, at *2. However, recognizing Plaintiff's pro se status, the Court briefly explains why these objections are unavailing. Plaintiff raises 13 objections, number 1-14 (omitting number 9). These objections fall into the following four general categories: the Magistrate Judge lacked authority (Objection Nos. 1, 3, 13), the case should not be dismissed for failure to state a claim (Objection Nos. 4, 5, 8, 14), the law was misapplied (Objection Nos., 7, 11), or procedural oddities (Objection Nos. 2, 6, 10, 12).

Liberally construing Plaintiff's objections, the Court finds that all of these are irrelevant or fail to identify the particular finding or recommendation to which objection is made. For instance, Plaintiff's objections regarding the authority of the Magistrate Judge misunderstands that her case was transferred pursuant to Special Order 3-251 as a pro se party not as an IFP motion.

Plaintiff's objection regarding dismissal disregards that this is a 1915 screening case. 28 U.S.C. § 1915(e)(2)(B). Under this provision, the Court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Plaintiff's objections only further the conclusion of factual frivolousness since the objection themselves are "fantastic or delusional" and "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32–33. For all objections, the Court determines that the Magistrate Judge correctly found that Plaintiff lacks did not state a claim against Defendants. And Plaintiff does not specifically articulate any error in this conclusion.

### III.   CONCLUSION

Plaintiff fails to substantively or coherently engage with the bases for the recommended dismissal. She also, as a whole, fails to identify the particular finding or recommendation to which

objection is made. After conducting a *de novo* review and finding no error, the Magistrate Judge's Findings and Conclusions are correct, and they are accepted as the Findings and Conclusions of the Court. Accordingly, it is **ORDERED** that because Plaintiff failed to adequately state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B), this case is **DISMISSED** with prejudice.

    **SO ORDERED** on this **2nd day** of **October, 2024**.

                                          Reed O'Connor
                                      **UNITED STATES DISTRICT JUDGE**